# United States District Court

for the

### Eastern District of Pennsylvania

U.S.A. vs. William Lamont Jones                     Case No. 2:04CR464-01

### Petition on Supervised Release

COMES NOW Kyle M. Watts U.S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of William Lamont Jones who was placed on supervised release by the Honorable Legrome D. Davis sitting in the Court at Philadelphia, PA, on the 30th day of January, 2006, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

| | |
|---|---|
| ORIGINAL OFFENSE: | Making false statements to a federal firearms licensee (Counts One though Seven); felon in possession of a firearm (Counts Eight through Fourteen). |
| ORIGINAL SENTENCE: | 27 months custody of the United States Bureau of Prisons, to be followed by a three years term of supervised release. A special assessment of $1,400 was also imposed. |
| SPECIAL CONDITIONS: | 1) The defendant shall pay any financial penalty that is imposed by this judgment; and that remains unpaid at the commencement of the term of supervised release; 2) The defendant shall provide the U.S. Probation Office with access to any requested financial information; 3) The defendant shall not incur new credit charges or open any additional lines of credit without the approval of the probation officer; 4) The defendant shall pay to the United States a total fine of $6,000 in monthly installments of $200 to commence 30 days after release from imprisonment to a term of supervision. |

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE
AS FOLLOWS:

Since the commencement of his term of supervision on February 7, 2008, William Lamont Jones has maintained a stable residence with his parents in Philadelphia, PA. He remains gainfully employed as a machine operator for Infinity Staffing, located in King of Prussia, PA. A recent criminal record check revealed no new arrests, and a recent credit bureau check confirmed that the offender has not incurred new credit charges or opened additional lines of credit.

On May 4, 2009, the Court approved a reduced fine payment schedule to $50 per month. A Personal Financial Statement provided by the defendant on November 18, 2010, reflected a total income of approximately $812, with necessary monthly expenses of $733, which includes his $50 monthly fine payment.

Mr. Jones' term of supervised release is scheduled to expire on February 6, 2011, and it is anticipated that a fine balance will remain outstanding. He paid his $1,400 special assessment in full, and to date, has paid a total of $2,070.94 toward the $6,000 fine, leaving a balance of $3,929.06. Although at times, Mr Jones has had some financial difficulties, he has managed to make up any missed payments and has consistently made a good faith effort to make regular fine payments during his term of supervision. The defendant has agreed to continue making payments of $50 per month toward his fine after his term of supervised release expires, directly to the Clerk, U.S. District Court.

On December 22, 2010, the Financial Litigation Unit of the U.S. Attorney's Office was contacted and they were updated on the status of this case. Mr. Jones is enrolled in the Treasury Offset Program, and his tax refunds will be applied toward his fine. The U.S. Attorney's Office will pursue other collection action, as deemed necessary. In light of the above, the following prayer is offered for the Court's consideration.

| PRAYING THAT THE COURT WILL ORDER... | THAT THE DEFENDANT'S TERM OF SUPERVISED RELEASE IMPOSED ON JANUARY 30, 2006, BE ALLOWED TO TERMINATE ON IT'S ORIGINAL EXPIRATION DATE OF FEBRUARY 6, 2011, WITH AN OUTSTANDING FINE BALANCE. |
|---|---|

Respectfully,

Debra A. Brink
Supervising U.S. Probation Officer

Place: Philadelphia, PA
Date: December 22, 2010

KMW/

ORDER OF THE COURT

Considered and ordered this 30th day of December, 2010 and ordered filed and made part of the records in the above case.

_____
U.S. District Court Judge